Nora Sullivan, Respondent, v. T. Edmund Krumbholz, Appellant.— Judgment affirmed, with costs, upon the opinion of Sewell, J., in *Markham* v. *Krumbholz*, decided herewith (*ante*, p. 417). All concurred; Smith, P. J., and Cochrane, J., in result.

Wayne Smith, Respondent, v. Estelle M. Smith, Appellant.— Interlocutory judgment unanimously affirmed, without costs.

Henry N. Taft, Claimant, Appellant, v. The State of New York, Respondent. — Judgment unanimously affirmed, with costs.

Theresa L. Vaughan, Appellant, v. The City of Troy, Respondent.— Interlocutory judgment affirmed and demurrer sustained, with costs, with leave to plaintiff to serve amended complaint within twenty days on payment of costs in this court and in the court below. All concurred, except Smith, P. J., and Houghton, J., dissenting on the ground that the statute* does not apply to the situation pleaded in the complaint.

George H. Waters, Respondent, v. Henry Crofoot, Appellant.— Judgment and order unanimously affirmed, with costs.

Edward G. Wyckoff, as Receiver of the Ithaca Wall Paper Mills, Appellant, v. The City of Ithaca, Respondent.— Judgment unanimously affirmed, with costs.

---

## FOURTH DEPARTMENT, JUNE, 1910.

John W. Welker and Frank C. Humphrey, as Trustee of School District No. 12 of the Town of Darien, Respondents, v. Andrew J. Lathrop and Henry I. Barber, Appellants.— Judgment reversed on questions of law and fact and new trial ordered before another referee, with costs to appellant to abide event. Held, that Trustee Tiffany should have been made a party to the action. All concurred.

Jacob J. Nunnold, as Surviving Executor, etc., of Jacob Nunnold, Deceased, Respondent, v. Catherine N. Bluntach and Mary T. Kleinhans, as Executrices, etc., of Helena Nunnold, Deceased, Appellants.— Judgment affirmed, with costs. All concurred, except Spring and Robson, JJ., who dissented upon the grounds: 1. That the referee erred in holding that the decree of the Surrogate's Court conclusively established that there was an over-payment to Helena Nunnold. 2. That the referee erred in not allowing to the defendants interest on the $5,000 loan mentioned in the decision. 3. That on the merits the plaintiff was not entitled to recover.